# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. JOLIE JOHNSON and DEBBIE HELMLY, | )<br>)<br>) |
| Plaintiffs, | ) |
| v. | )    CV415-143 |
| SPANISH OAKS HOSPICE, INC., *et al.*, | ) |
| Defendants. | ) |

## ORDER

In this False Claims Act case, defendants Spanish Oaks Hospice, Inc., Spanish Oaks Retreat, Inc., Spanish Oaks Foundation, Inc., Spanish Oaks Properties, LLC, Spanish Oaks of Bellville, LLC, Spanish Oaks of Bellville Properties, LLC, Keith Munger, and Ali R. Rahimi, M.D., move to dismiss the Complaint (docs. 29 & 35) and stay discovery in the meantime (docs. 32 & 36). They contend, among other things, that the Complaint fails to comply with Fed. R. Civ. P. 8 & 9(b)'s pleading standards, is "impermissibly shotgun in nature," and fails to sufficiently allege facts to support either retaliation or false claims submitted to the Government. Docs. 32 at 2 & 36 at 1. They're right.

The general "fraud" allegations of the Complaint aren't specific enough to survive the motions to dismiss. *See United States v. Southerncare, Inc.*, 2015 WL 5278413 at *2 (S.D. Ga. Sept. 9, 2015) (citing Rule 9(b), False Claims Act complaints must "state with particularity the circumstances constituting fraud or mistake."). They're not specifically drawn to individual defendants, or individual causes of action. *See, e.g.,* doc. 1 (Complaint) at ¶ 78 ("Defendants submitted . . . Defendants engaged . . . Defendants also knowingly created, submitted, or caused to be submitted . . . Defendants billed inappropriately . . . They also failed . . . Defendants falsified . . . Defendants used . . . Defendants shortchanged . . . Defendants discharged . . . Defendants retaliated . . . .").

"Defendants" apparently committed fraud, but it is not clear from even repeated readings of the Complaint which defendants did what and when -- only that many of defendants' practices were suspect. *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) (the complaint must plead not only the "who, what, where, when, and how of improper practices," but also the "who, what, where, when, and how of

fraudulent submissions to the government."); *United States v. Choudry*, 2016 WL 7228760 at *3 (M.D. Fla. Oct. 11, 2016) (complaints that refer to defendants collectively "fail[ ] to distinguish between the defendants and therefore fail[ ] to meet the particularity requirements of pleading a False Acts Claim."). This is insufficient to survive a Fed. R. Civ. P. 12(b)(6) motion, *see United States ex rel. Creighton v. Beauty Basics Inc.*, 2016 WL 2642740 at *2 (N.D. Ala. May 10, 2016) (Relators "make[ ] no effort to explain how [their] 'facts applicable to all counts' satisfy the elements of [their] alternative theories; instead, [they] offer[ ] a series of legal conclusions -- which do nothing to fortify a complaint against dismissal."), and discovery should not go forward to give them a free ticket to fish around for more, *see United States ex rel. Atkins v. McInteer*, 345 F. Supp. 2d 1302, 1305 (N.D. Ala. 2004) (where complaint failed to meet the requirements of Rule 9(b), relators should not be given "a ticket to the discovery process without identifying a single claim.").

When a party seeks a stay pending resolution of a dismissal motion, the court takes a "preliminary peek" at the dismissal motion to assess the likelihood that it will be granted. *McCabe v. Foley*, 233 F.R.D. 683,

685 (M.D. Fla. 2006). A stay makes sense when the dismissal motion likely will dispose of the case, thus obviating discovery. *Sams v. GA West Gate, LLC*, 2016 WL 3339764 at * 6 (S.D. Ga. June 10, 2016). Because the instant dismissal motions pack enough heft, and because significant resources would be expended responding to the pending discovery[1] that may be obviated (or significantly narrowed by the Court's decision on the motion to dismiss), the Court **GRANTS** the stay motions. Docs. 32 & 36.

**SO ORDERED**, this  19th  day of July, 2017.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Relators served more than 250 discovery requests on defendants (doc. 32 at 2), all of which may be mooted by the pending motion to dismiss. Defendants ask that they be spared the "unnecessary cost" of responding until the scope of the claims against them are clarified and narrowed. *Id*. at 2-3. They also convincingly note that, regardless, a stay will not prejudice the Relaters because it is not necessary to their response to the motion to dismiss. *Id*.; *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (since "the allegations in the [complaint] are presumed to be true," the resolution of a motion to dismiss for failure to state a claim "always presents a purely legal question" that does not involve issues of fact, and therefore, "neither the parties nor the court have any need for discovery before the court rules on [it].").