# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>ex rel. JOLIE JOHNSON and<br>DEBBIE HELMLY,<br><br>    Plaintiffs,<br><br>v.<br><br>SPANISH OAKS HOSPICE, INC.,<br>*et al.*,<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | CV415-143 |

## ORDER

The plaintiffs (relators) in this False Claims Act case have construed the Court's Order staying discovery -- based on the apparent strength of defendants' dismissal arguments -- as indicating that they must amend their Complaint. *See* doc. 47 (granting stay of discovery because defendants appeared likely to prevail on arguments that Complaint was an impermissible "shotgun pleading," failed to plead sufficient facts, among others); doc 48. at 2. They intend to either amend their Complaint, or move to amend it, by the extended deadline to respond to defendants' motion to dismiss. Doc. 48 at 2. They have unsuccessfully sought defendants' consent to the amendment, despite

contending they have a right to amendment under Fed. R. Civ. P. 15. *Id.* at 2 n. 1. Plaintiffs therefore seek "clarification" that the Court intended to extend their deadline to amend the Complaint until July 31, 2017.[1] Doc. 48 at 2. Finally, they want the Court to stay their deadline to respond to the Motion to Dismiss, pending resolution of their proposed amendment, which they contend will moot the dismissal motion. *Id*.

The parties have been before the Court once already seeking judicial resolution of a dispute that could have been resolved without judicial intervention. *See* doc. 44 (resolving dispute between the parties about meaning of counsels' "Okay with me" response to extension request). Normally, the Court would reserve ruling until defendants had responded in opposition to the amendment or consented by silence. *See*

---

[1] Plaintiffs have asked the Court to rule on their motion to amend under the guise of a "clarification" of its Order granting them additional time to respond to the Motion to Dismiss. *See* doc. 48 at 2 ("Relators need clarification that the Court agrees that the time for filing the amendment as of right has extended through July 31, 2017."). That's not "clarification," that's a ruling on a motion to amend. Further, the Order that the plaintiffs ask the Court to "clarify" is one that *they* proposed. *See* doc. 38-1 (proposed order extending response deadlines until July 31, 2017).

Rather than seek ersatz "clarification," upon defendants' refusal to consent to amendment, the plaintiffs could simply have responded to the Motion to Dismiss, assuming they maintain their contention that their original Complaint is sufficient (the Court's "preliminary peek" at the dismissal motion is not binding on the district judge, after all) and argued, in the alternative, for amendment, either as a matter of right or permissive. They chose not to. Thus, the Court is again forced to devote its resources to managing their litigation.

S.D. Ga. L. Civ. R. 7.5 ("Failure to respond within the applicable time period shall indicate that there is no opposition to a motion."). In this case, however, waiting for defendants' response would risk further wasteful consumption of Court and litigant resources on a moot dismissal motion.

Since the parties appear incapable of reasonable compromise, the Court will again step in. First, it **GRANTS** the plaintiffs' motion to stay the August 1, 2017 deadline to respond to defendants' Motion to Dismiss. Doc. 48. Second, the Court will construe relators' request for "clarification" as a motion to amend. *See id.* at 2. To move this case along, it will, however, impose an abbreviated briefing schedule on this issue. Plaintiffs shall file their amendment or motion to amend as soon as possible, but not later than August 1, 2017. If defendants contend that their amendment is improper (*i.e.* because the plaintiffs were required, but failed, to seek leave before amending) and permissive amendment is not warranted, under Fed. R. Civ. P. 15(a)(2)'s "freely given" standard, or that the amendment does not moot their pending dismissal motion, they must respond in opposition to the amendment no

3

later than August 8, 2014.  If defendants respond and relators wish to reply, they must do so by no later than August 15, 2017.  If defendants concede the propriety of the amendment, Fed. R. Civ. P. 15(a)(3)'s 14-day response period and this Court's ordinary briefing schedule apply.

**SO ORDERED,** this  25th   day of July, 2017.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA