# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| ex rel. JOLIE JOHNSON and | ) | |
| DEBBIE HELMLY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CV415-143 |
| | ) | |
| SPANISH OAKS HOSPICE, INC., | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# **ORDER**

Relators in this False Claims Act case have moved the Court to reconsider its Order granting defendants' motion to file a reply -- or, as they correctly point out, a sur-reply -- providing further argument on relators' Amended Complaint.[1] Doc. 62. They cite authority from the Middle District of Georgia disfavoring such sur-replies. *Id.* at 2 (citing, *inter alia*, *Sanford v. Walmart, Inc.*, 2016 WL 5662029 at * 9 (M.D. Ga. Sept. 29, 2016)). In this Court, however, "'[p]arties may file as many reply briefs as they like . . . .'" *Lee-Lewis v. Kerry*, 2016 WL 6647937 at *

---

[1] While relators' motion to reconsider was pending, defendants have filed their reply. Doc. 63.

4 (S.D. Ga. Nov. 8, 2016) (quoting *Brown v. Chertoff*, 2008 WL 5190638 at * 2 (S.D. Ga. Dec. 10, 2008)). Defendants' request, therefore, was granted as a matter of course. Given this Court's policy, it **DENIES** relators' request to reconsider.[2] Doc. 62.

Although the unlimited-reply-brief policy allows defendants' proposed reply, relators raise a legitimate concern about possible abuse. *See* doc. 62 at 1-2. Relators protest that defendants have "blackballed them from working in their [sic] hospice profession," thus increasing their interest in prompt resolution of their claims. *Id.* at 1. Further, they accuse the defendants of adopting a "scorched earth / eternal delay of discovery" strategy.[3] *Id.* Those are serious accusations.

---

[2] The relators, like the defendants, are allowed by the Court's unlimited-reply-brief policy to file their own response, subject to Local Rule 7.6, if they believe it is warranted. Their request to lift the stay, however, is **DENIED**. Doc. 62 at 2. The Court trusts that the argument about the proposed amendment will not be, as they suggest, "endless." *Id.* Discovery was stayed pending resolution of the defendants' dismissal motions. *See* doc. 47 at 4. If the outcome of the current amendment dispute renders those motions moot, the stay may be reevaluated.

[3] Although the Court agrees that there have been delays, perhaps unnecessary ones, in resolving relators' proposed amendment, they have not been exclusively caused by defendants. Notably, the Court granted relators' counsel's requested extension of the deadline to respond to defendants' opposition. Doc. 58 (extending deadline from August 15, 2017 through August 31, 2017). Given that at least some of the "delay" relators protest is attributable to that extension, the emphatic tone of their motion seems excessive.

A motion for reconsideration is simply not the forum to litigate realtors' concerns. If they contend that someone is maliciously interfering with their employment -- their brief does not clearly allege how they were "blackballed" or who is responsible -- they may have a tort claim. Such a possible claim, however, is irrelevant to this case. Their claim that defendants' motion is purely dilatory implicates Fed. R. Civ. P. 11. *See* Fed. R. Civ. P. 11 (b)(1) (attorney's signature on motion certifies, among other things, that the motion "is not being presented for any improper purpose, such as to . . . cause unnecessary delay, or needlessly increase the cost of litigation."). That Rule, subject to its procedural requirements, *see* Fed. R. Civ. P. 11(c)(2), provides relators with a remedy. *See* Fed. R. Civ. P. 11(c)(4). Neither alternative, however, undermines the propriety of defendants submitting a sur-reply.

Although the Court will not reconsider its Order or its unlimited-reply-brief policy, relators' concerns merit additional discussion. They contend that an "endless volley" of briefs is antithetical to the "just,

speedy, and inexpensive determination" of actions.[4]  Doc. 62 at 1 (quoting Fed. R. Civ. P. 1).  They're absolutely right.  However, this Court relies on the judgement and professionalism of the members of its bar, and the deterrent effect of Rule 11, to avoid interminable or frivolous arguments.  The Court's long experience with its policy has justified that reliance, and shown that it does not unduly interfere with the speedy and inexpensive resolution of cases.  It also ensures that parties are able to make the case they wish and are not penalized for failing to exhaustively anticipate their opponents' responses.  That, in turn, ensures that actions are resolved as justly as possible.  To the extent that there is a tension between those values, the Court errs on the side of justice.  However, it will not hesitate to invoke Rule 11 to remedy any apparent abuse.

---

[4] Relators' motion implies that they would be disadvantaged if they do not "have the last word." *See* doc. 62 at 4 n. 2.  That's not true.  They rightly point out that "each party acts as a check on the other . . .," in our adversarial system.  *Id*.  But, their suggestion that defendants might derive an illegitimate advantage by unrebutted characterizations of authority fails to recognize that, whoever gets the last word, the Court determines the outcome.  That determination is based on a careful consideration of the parties' arguments *and their supporting authority*.  The Court expects attorneys will not misrepresent authority, but it also recognizes that they are not disinterested scholars.  Thus, it does not take any parties' characterizations of an authority's weight, whether replied to or not, at face value.

4

**SO ORDERED,** this  15th  day of September, 2017.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA